CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 12-8880                                                                              DIVISION C

THOMAS P. HUBERT

versus

JOANNE CURREN, ET AL

FILED:_____   _____
                                                                  DEPUTY CLERK

### *EX PARTE* MOTION TO STAY AUGUST 14 TRIAL PENDING
### REASONS FOR THE GRANTING OF JUDGMENT AS TO CURREN
### and in the alternative
### NOTICE OF INTENT TO REMOVE PRESENT CASE
### TO FEDERAL COURT BASED ON VIOLATIONS OF PROCEDURAL
### AND SUBSTANTIVE DUE PROCESS OF LAW

On August 14, 2018, this Court will commence a trial on damages against JoAnne Curren for inexplicable and unexplained reasons. By any measure, Curren has not had an opportunity to be heard in any meaningful way, and without reasons being given, she has no idea how or why she has been cast[1].  On two occasions, Curren requested reasons as to a January 19, 2017 granting of partial summary judgment on liability, Exhibit A and Exhibit B.  Unless and until this Court explains on what factual and legal bases judgment was hastily rendered in open court *before* Hubert introduced a single item of evidence, the January 19, 2017 Judgment is an absolute nullity[2].  The two requests for reasons were *specific* and raised *specific* issues of (i) fact, (ii) law and (iii) due process principles.  The absence of an explanation violates protections guaranteed by the 5th and 14th Amendments to the United States Constitution. On August 14, 2018, Hubert intends to introduce evidence which threatens Curren with a $70,000 judgment for nothing that can be explained.

### WHO WAS "...THE COMPANY..."

More troubling is the question as to who was "...the Company..." The abrupt announcement made during Hubert's mid-argument renders the judgment at issue an absolute *nullity*.  Neither Gary Landrieu nor "...the company..." were in the courtroom on January 13, 2017. The Original Petition and every pleading thereafter named *Landrieu Construction, Inc.* as the target. Why the Court orally rendered judgment against "...the company..." will elude us unless and until this Court renders reasons.

_____

[1]    The Court's announcement that the infirm MSJ was "unopposed" does *not* dispense with the Court's duty to grant judgment based on the law and evidence.  Nor does it dispense with the fundamental requirements of Article 966 of the Louisiana Code of Civil Procedure.  The failure on Hubert's part to present a list of "Uncontested Material Facts" was no procedural nicety.

[2]    In mid-argument by Hubert's lawyer and without having given Curren's counsel an opportunity to address the specious motion, the Court abruptly announced:

"...I'm going to grant the summary judgment as unopposed as to Landrieu, the company and his sister..."

1



Moreover, when Justin Zitler enrolled on March 21, 2018, it was on behalf of *Landrieu Construction, Inc.* The same applies to all pre-trial pleadings and orders. Because the judgment of January 19, 2017 was against *Landrieu Bros. Construction* (sic), the entire process is an absolute nullity. The corporate judgment debtor is not and has *never* been in the case. These issues have been raised and disregarded by this Court as long as undersigned counsel has been involved. At the trial on August 14, 2018, is Gary Landrieu *already* cast in judgment as to liability? Is Landrieu Construction, Inc. *already* cast in judgment as to liability? Is Landrieu Bros. Construction (sic) *already* cast in judgment as to liability?

## DUE PROCESS OF LAW

One of the most fundamental commandments of the United States Constitution is stated *twice*: (1) the 5th Amendment teaches that no one shall be "...deprived of life, liberty or property without due process of law..." and (2) the 14th Amendment repeats the same eleven words to describe the legal obligation owed by "state actors". In the context of this bizarre litigation, Thomas Hubert and his counsel qualify as "...state actors..." in their refusal to follow procedural rules of law and rules of court that implicate the Due Process and Takings Clauses of the 5th and 14th Amendments. But more than this, it is the *refusal* on the part of the district judge *a qua* to give written reasons for the judgment cast against Curren that violates fundamental principles of fairness and mocks the application of the local rules of court in the Parish of Orleans. In Exhibit B, we chronicle how Uniform Civil Court Rules 1.4, 9.10(a)(1), 9.10(a)(2), 9.10(a)(3), 9.10(b)(1) and 9.10(b)(2) have been totally disregarded, exposing Curren to an oppressive money judgment with no basis in fact or law.

## JUDGE HENRY FRIENDLY'S LIST OF BASIC DUE PROCESS RIGHTS

In the influential article "Some Kind of Hearing" by Judge Henry Friendly, a jurist deemed to be at the highest levels of judicial minds, he created a list of basic due process rights worthy of consideration in the case at bar[3]:

- ☐ *An unbiased tribunal*. We have grave concerns about this Court's impartiality when it comes to members of the Landrieu family, an issue that we needn't develop here, but must raise in due course.

- ☐ *Notice of the grounds asserted.* At page 3 of our Request for Supplemental Reasons filed on December 13, 2017, when we objected to the setting of this case for trial on damages against Curren and who-knows-what against Gary Landrieu and Landrieu Construction, we implored the Court to tell us why and how and when and where JoAnne Curren did what-to-whom-and-how.

- ☐ *The opportunity to present contrary evidence.* We objected to the very concept of the hearing that took place on January 13, 2017; when the Court suddenly said in open court that it was granting the motion, that ended our opportunity to contest the Hubert claim.

---

[3] In the past, this Court appears to have been *offended* by undersigned counsel. But walking on eggshells won't deter vigorous representation of our client.

- ☐ *The right to know the opposing evidence relied-upon by Hubert.* At the January 13, 2017 hearing, no evidence was presented and no evidence has ever been presented. *Never*[4]

- ☐ *A tribunal to prepare written findings of fact and reasons for judgment.* This seems fundamental. None of the defendants have any idea what they did or did not do or in what capacity liability was found.

## OUR MODEST REQUEST

This tangled case *cannot* be tried on August 14, 2018 without trampling on the civil rights of the defendants and non-defendants. JoAnne Curren's hands are tied, her lawyer is blindfolded and a non-party has been made a judgment-debtor. Our present request is modest: stay the case *and* grant "considered reasons" or declare the judgment an absolute nullity. We respectfully ask that this Court act by Monday afternoon on August 13. Our alternatives are limited and our deep concern is that we are *not* before "...an unbiased tribunal....", the most important civil right a litigant can have. The test on this protection is taken from the United States Supreme Court's decision in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), at footnote 12:

> "The Due Process Clause 'may sometimes bar trial by judges who have no actual bias' and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way, 'justice must satisfy the appearance of justice'"

Unless this Court stays the trial and gives "...considered reasons...", a 28 U.S.C. § 1331 "federal question" will have arisen and JoAnne Curren will face the unpleasant task of removing this case on grounds "...arising out of the Constitution and laws of the United States..." In the underlying *Liljeberg* case, the 5th Circuit Court of Appeals articulated the test as follows:

> [I]f a reasonable man on the street, knowing all the facts and circumstances of the case, would harbor doubt as to the judge's impartiality...disqualification must follow.

This is *not*, however, a motion to recuse pursuant to Articles 151, et seq. of the Louisiana Code of Civil Procedure. In the absence of an order to stay the August 14, trial and in the absence of "...considered reasons..." for judgment, this case will have become a federal case. "Considered reasons" serve to explain the trial judge's determination of the facts at trial and are essential on appeal, *Wooley v. Lucksinger*, 61 So.3d 507 (La. 2011). It is axiomatic that a court's reasons are "...an important aid for a reviewing court in determining if the trial court applied correct legal principles...", Stetter, *Louisiana Appellate Procedure*, § 10:16 (Thompson Reuters 2011).

---

[4] There has *never* been a moment when some Hubert lawyer stood up and said: "I offer, introduce and file into evidence Hubert Exhibit X" There has *never* been a judge who has said: "Are there any objections to the introduction of Hubert Exhibit X?" And last but not least, there has *never* been a judge who has said: "Let Hubert Exhibit X be admitted into evidence.

<u>DISCLAIMER</u>

Anything we said and how we said it is not intended to disrespect this Court. We have loathed having to carry the constitutional burden to this point. We are confident that if this Court were to render reasons as requested in our most recent pleading, the result would be reversed. The Hubert lawsuit has no merit.

We incorporate by reference the substantial arguments we made as set forth in <u>Exhibits A and B</u> and leave it to the Court to decide by Monday afternoon if it will grant our very modest request and stay the case while this Court renders "...considered reasons..." for the judgment we believe is fatally infirm and absolutely null.

Respectfully submitted,

Henry L. Klein (7440)
844 Baronne Street
New Orleans, Louisiana 70113
(504) 301-3027
henryklein44@gmail.com

Copies served upon opposing counsel my e-mail on the 13th Day of August, 2018.

<u>O R D E R</u>

Considering the foregoing,

**IT IS ORDERED** that the trial of this matter, scheduled for August 14, 2018, be and the same is hereby cancelled and this matter is hereby STAYED pending this Court's rendering written reasons as set forth at page 3 of JoAnne Curren's motion filed December 13, 2017, and pending further orders from this Court.

NEW ORLEANS, LOUISIANA, this 13th day of August, 2018.

_____
**Civil District Court Judge**

4

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS F I L E D

STATE OF LOUISIANA

2017 DEC 13 A 12: 40

NO. 2012-8880

DIVISION G
DISTRICT COURT

THOMAS P. HUBERT

versus

JOANNE CURREN, GARY C. LANDRIEU
and LANDRIEU CONSTRUCTION, INC.

FILED:_____      _____

Deputy Clerk

### REQUEST FOR SUPPLEMENTAL REASONS FOR JUDGMENT AND INCORPORATED OPPOSITION TO MOTION TO SET TRIAL DATE

Joanne Curren, through undersigned counsel, (i) requests Supplemental Reasons for Judgment and (ii) opposes the request by Thomas P. Hubert to set a trial on alleged issues still pending for the following reasons:

On January 30, Curren filed a request for reasons as to the Court's Judgment of January 19, 2017. Article 1917 of the Louisiana Code of Civil Procedure requires that a court, when requested to do so, **_shall_** give in writing "...its findings of fact and reasons for judgment...". On February 14, 2017, the Court simply repeated that the partial MSJ was granted as unopposed and dismissal on grounds of abandonment was summarily DENIED.

**_(a)     Jurisprudential Rule._**   In *Alexis v. Conley*, 532 So.2d 564 (1st Cir.1988) the court ruled that "...the responsibility of a judge to assign reasons..." is _not_ satisfied by instructing the litigant to read the transcript, basically the same as in the case at bar. The *Alexis* Court also cautioned that "...a party litigant may find a need to review reasons for judgment prior to taking an appeal..." Respectfully, we have _no_ insight as to what "...material facts..." support the judgment against Curren or what "steps" the Court selected to deny Article 561 dismissal. This Court must (i) identify the _specific_ material facts that were allegedly "...undisputed..." and (ii) cite the _specific_ pleading which the Court believes interrupted 3-year abandonment.

The request for a trial date misrepresents the condition of the record. Judgment was rendered in open court against "...Landrieu, the company and the sister...". The written Judgment was against Joanne Curren and Landrieu

1


PLAINTIFF'S
EXHIBIT

Construction with no explanation as to why and in what percentages or for what reasons.  We objected to even the holding of a _hearing_ for partial MSJ because Hubert egregiously violated Rules 9.10(a)(1), (2) and (3) and Rules 9.10(b)(1) and (2).  Notwithstanding, the Court allowed Hubert to simply make reference to parts of the rambling petition as if that complied with Rule 9.10.  In the middle of Hubert's presentation, the Court announced: "...I'm going to grant the summary judgment as unopposed as to Landrieu, the company and his sister..."

### *(b)   Violation of Rule 1.4 of the Uniform Rules for District Courts.*

Opposed or not, an MSJ _must_ be based on the law and evidence and the rules for presenting an MSJ _must_ be followed.  This Court allowed Hubert to deviate with _all_ aspects of Rule 1.4 of the Uniform Rules for District Courts, which provides:

> **Rule 1.4.   Deviation from Rules**
>
> An individual judge may, in the interests of justice and upon notice to all parties, permit deviations from these Rules in a particular proceeding.   Any such deviation _**shall**_ be noted on the record in open court in the presence of all parties or by written order filed into the record of the proceedings and mailed to all the parties or their counsel of record.

Nothing even close to compliance with this essential requirement was done.  Only one of the parties, Joanne Curren, was before the Court.  The judgment at issue, by any measure, is a nullity.   The representations made by counsel for Hubert are simply wrong and this Court cannot proceed unless and until _all_ parties are properly served and _all_ the rules are properly followed[1].

### *(c)   The Value of "...Considered Reasons..." for Judgment.*

Reasons for Judgment serve to explain the trial judge's determinations and are important on appeal, _Wooley v. Lucksinger_, 61 So.3d 507 (La. 2011).    Although the appellate court's duty is to review the judgment, not the reasons, the reviewing court may use the reasons to "...gain insight as to the district court's judgment...", _Wooley_, at 572.    It is axiomatic that a court's reasons provide "...an important aid for a reviewing court in determining if the trial court applied the correct legal principles...", Stetter _Louisiana Appellate Procedure_, § 10:16 (Thompson Reuters 2011).   Manifestly, this case has no merit.

---

[1]    It is a hallmark of the plaintiff's presentation of anything and everything to complain that service was dodged by the defendants.  There are simple rules in the Louisiana Code of Civil Procedure which can be followed to protect the plaintiff.  The proposition that Hubert had to chase Joanne Curren down and serve her in the dining room at the Pontchartrain Hotel is absurd.  All alleged efforts made were at wrong addresses with incomplete pleadings.

In our original request for reasons, we cited _specific_ issues which remain unanswered and beg for an explanation:

- ❑ What did Curren do or fail to do that subjects her to $60,000+/- that Hubert wants for his illusory claim[2]?

- ❑ In what capacity did Curren act as to the house at issue and when and where and how did she breach a duty owed to Hubert?

- ❑ What did Landrieu Construction do or fail to do that subjects it to $60,000+/- that Hubert wants for his illusory claim?

- ❑ In what capacity did Landrieu Construction act as to this house and when and where and how did it breach a duty owed to Hubert?

- ❑ How was Curren liable for anything and in what proportion to the liability of the individual Landrieu defendant and the company?

- ❑ Upon what theory of law is liability placed on Curren?  Contract law?...Negligence law?...Res ipsa loquitur doctrinal law?...Civil Code Article 2762?...Civil Code Article 2769?...Civil Code Article 2315?...Title 37 of the Louisiana Revised Statutes Title?...All of Title 37?

- ❑ What _specific_ evidence supports the causation requirement as to Curren?

- ❑ What _specific_ evidence supports the duty undertaken by Curren to Hubert?

- ❑ Wasn't the defect at issue obvious to any observer?

- ❑ When Curren was sued again, had the illusory claims prescribed?

_(d)    A case in shambles._   This case was in shambles from the start[3].

---

2       "Illusory" is no hyperbole.  The Amended Petition says nothing about who-did-what-to-whom-and-when-and-how. All defendants are "lumped together" without specificity or explanation.

3       Larry: This case is in shambles. After Joanne was dismissed on May 29, 2013, she was not served with anything until June 17, [2016] more than 3 years having elapsed.  You have not served Joanne or me with anything since then.  Your motion for summary judgment doesn't comply with the rules.  The Court has set October 21 on my motion to dismiss for abandonment, which I could have presented ex parte. I am asking Michelle to strike this case from the docket Friday and re-set everything for the October 21 hearing date.  Please dismiss the case.

Curren was sued, then dismissed, then brought back on an ill-pled MSJ filed *before* she was brought back.  The allegations speak of "...defendants..." without differentiation or specificity.   More than three years elapsed between "steps" as to Curren; the Petition makes no sense; service was made on undersigned counsel *before* he enrolled; summary judgment was rendered against Landrieu Construction, which was not involved at the hearing;  Gary Landrieu is still in the case with no severance or disposition; no evidence was introduced; no evidence was admitted; no testimony was given; no plausible cause of action was stated; no plausible cause of action exists.   The words of the Court in granting judgment were terse:

> "...I am granting summary judgment as unopposed against Landrieu, the company and the sister.   I'm denying the request to dismiss this as abandoned "

No evidence was tendered; no evidence was received; no testimony was given; no causation was established; no rules of procedural law were followed; no rules of substantive law were followed; no reasons were given; no reasons can be given.   The prosecution of this case is sanctionable.

*(e)   Waiver of Oral Argument.*   We waive oral argument on December 15, 2017.  Supplemental reasons must be given so that Curren does not litigate in the dark any further.

Respectfully submitted,

Henry L. Klein (7440)
844 Baronne Street
New Orleans, LA 70113
504-301-3027
henryklein44@gmail.com

4



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2012-8880                                                        DIV. "C"

THOMAS P. HUBERT

VERSUS

JOANNE CURREN, ET ALS

FILED: _____     _____
                                                    **DEPUTY CLERK**

### REQUEST FOR WRITTEN REASONS AND/OR MOTION FOR RECONSIDERATION; ARGUMENT ONLY[1]

As to the January 19 judgment of this Court, Joanne Curren pleads:

1.      Pursuant to Article 1917 of the Louisiana Code of Civil Procedure, the Court is _respectfully_ requested to provide written reasons for the judgment rendered as to both (i) findings of fact and (ii) conclusions of law.

2.      Should the Court decide it is not required to assign written reasons, mover requests reconsideration as an alternative.

3.      The subject motion did _not_ comply with the most fundamental rules and could have been stricken _sua sponte_, causing us to copy the Court's very able law clerk the _following_ e-mail messages or direct inquiries[2]:

> _October 19, 2016 @ 9:21 AM_  "...After JoAnne was dismissed on May 29, 2013, she was _not_ served with anything until June 17 [2016], more than 3 years having elapsed....Your motion for partial summary judgment doesn't comply with the rules..." Exhibit A-1.

> _October 19, 2016 @ 9:58 AM_  "...What evidence do you have that either I or Joanne have been served?  I could not find anything in the sheriff's office.  Send me what you have... Exhibit A-2.

> _October 19, 2016 @ 11:10 AM to Michelle_  "[Centola's] motion does not comply with Rule 9.10 and he doesn't have service....[I] respectfully believe the Court can and should strike the matters _sua sponte_[3].  Exhibit B.

---

[1]      If we offended the Court during argument, we apologize for our bad manners.

[2]      E-mails are not pleadings, but these show good faith communications.

[3]      Reference was to the MSJ, which could not be filed until _after_ Curren answered, which did not happen until October 16, 2016, Exhibit D.

1



_December 14, 2016 @ 9:39 AM to Michelle_  "...I have never seen a list of Uncontested Material Facts on Hubert's Motion for Summary Judgment.   I don't get everything filed in this case.  Did I miss it?  Exhibit C.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

4.     Now seeking clarification as to the specific reasons for the subject judgment, we remain uncertain as to why the Court apparently deviated from certain rules which we believe applied, _no offense intended_[4]:

❑     **On January 13, 2015**, Centola filed his first Partial MSJ against Gary and Landrieu Construction, although Joanne had been out of the case since May 29, 2013, Exhibit D.  That motion did not comply with Uniform Rule 9.10(2)(a) or Rule 9.10(2)(b) or Rule 9.10(2)(c) and we so informed the court in various pleadings in addition to requesting that the court strike the MSJ _sua sponte._

❑     **On February 12, 2015**, Centola continued his January 13, 2015 MSJ, which did not apply to Curren because she had been dismissed for twenty-one months by then.

❑     **On February 12, 2015,** Centola also filed a Motion for Leave to file a First Amended and Supplemental Petition for Damages, Exhibit E, which the Court Granted as unopposed; the Amendment did only one thing: _add Joanne as a co-defendant;_ pursuant to Louisiana Code of Civil Procedure Article 1201, "...service of the citation _shall_ be requested on all named defendants within ninety days of the commencement of the action..."  At best, Centola was required to make the request for service at a valid address by May 12, 2015.

❑     **On February 12, 2015**, Centola purportedly sought to serve Henry L. Klein pursuant to Article 1313, which only applies to counsel of record.

❑     **On October 5, 2015**, Centola wrote the Clerk of Court, seeking "...a Citation for service of the Motion for Leave to File First Amended and Supplemental Petition for Damages and Original Petition..." on JoAnne at 749 Aurora Avenue, Suite 4, Metairie, Louisiana 70005, Exhibit F.  Curren did not live on Aurora Avenue, which is the business of Curren and Landrieu, Court Reporters, a fact well-known and never hidden; subsequent efforts to serve JoAnne at 2842 Coliseum Street in New Orleans were ineffective

---

[4]     An individual judge may, in the interests of justice and upon notice to all parties, permit deviations from these rules in a particular proceeding.   Any such deviation _shall_ be noted on the record in open court in the presence of all parties or by written order filed into the record of the proceedings and mailed to all parties or their counsel of record, Rule 4.1.

because she had sold that residence on July 31, 2002, <u>Exhibit G</u>[5].

❑   **On October 5, 2015**, Centola wrote the Clerk of Court, seeking "...a Citation for service of the Motion for Leave to File First Amended and Supplemental Complaint..."; It was never served and the motion for leave was never heard.

❑   **On January 19, 2016**, Centola asked for a Special Process Server; the record does not reflect actual service and there is no "return of service" in the Sheriff's records[6].

❑   **On June 27, 2016 and again on July 25**, JoAnne obtains extensions, *pro se*, unaware that Centola took a PD on a self-created format.

❑   **On September 6, 2016**, Curren Answers and Requests Judgment on the Pleadings, <u>Exhibit H.</u>

❑   **On September 12, 2016**, Centola schedules another hearing on his MSJ, still not served and premature because of Article 966.
❑   **On October 17, 2016**, Curren filed Motion to Dismiss on grounds of Abandonment, raising same issues why the MSJ could not be heard, <u>Exhibit J.</u>

❑   **On January 13, 2017**, Curren provided additional pleadings intended to assist the Court, <u>Exhibit K.</u>

We respectfully request written reasons and reconsideration.

Respectfully submitted,

Henry L. Klein
844 Baronne Street
New Orleans, La 70113
(504) 301-3027
henryklein44@ gmail.com

---

[5]   All of the arguments accusing JoAnne of avoiding service are disingenuous; nevertheless, if the Court granted the subject motion based on that fact-intensive basis, there was no fact-finding process involved.

[6]   If we are mistaken, it would be inadvertent and unintended.  This record is in shambles and the rules have been disregarded.  This effort should help the Court's task of providing reasons, or vacating the grant of partial MSJ.

bert 1012-8880

FILED

Page 1 of 2

2017 JAN 20  A 11: 40

CIVIL COURT

5mail

Henry Klein <henryklein44@gmail.com>

1012-8880
s

in <henryklein44@gmail.com>
J. Centola" <lcentola@mbfirm.com>
on@orleanscdc.com
e Curren <joannecurren@aol.com>

Wed, Oct 19, 2016 at 9:21 AM

e is in shambles.

nne was dismissed on May 29, 1013, she was not served with anything until June 17, more than 3
ving elapsed.  You have not served Joanne or me with anything since then.

ion for partial summary judgment doesn't comply with the rules.

t has set October 21 on my motion to dismiss for abandonment, which I could have presented ex

**ing Michelle to strike this from the docket Friday and re-set everything for the October 21
date**.

ismiss the case.

---

ntola <lcentola@mbfirm.com>
Klein <henryklein44@gmail.com>

Wed, Oct 19, 2016 at 9:50 AM

en instructed by my client to move forward with the hearing. See you Friday. Thanks.

nry Klein [mailto:henryklein44@gmail.com]
dnesday, October 19, 2016 9:21 AM
J. Centola <lcentola@mbfirm.com>
uton@orleanscdc.com
Hubert 1012-8880

hidden]



bert 1012-8880

FILED                Page 2 of 2

2017 JAN 26   A III 40
CIVIL
DISTRICT COURT

:n <henryklein44@gmail.com>          Wed, Oct 19, 2016 at 9:58 AM
J. Centola" <lcentola@mbfirm.com>

dence do you have that either I or Joanne have been served?

ot find anything in the sheriff's office.

what you have.

[ hidden]



king the Hearing on Friday

F' ΙL Ξ ·

ZΩ17 JΔΝ 30  Δ ΙΙ: 40

;mail

Henry Klein <henryklein44@gmail.com>
DISTRICT COURT

## the Hearing on Friday

n <henryklein44@gmail.com>
on@orleanscdc.com
I. Centola" <lcentola@mbfirm.com>
e Curren <joannecurren@aol.com>

Wed, Oct 19, 2016 at 11:10 AM

int to proceed on Friday.   His MSJ does not comply with Rule 9.10 and he doesn't have service.

er matters on Friday and respectfully believe the Court can and should strike the matters _sua_

dvise if a formal motion is needed.

VERIFIED

EXHIBIT
8

2-8880 Hubert v. Curren

F I L E  Page 1 of 1

2011 JAN 30  A 11: 40

CIVIL
DISTRICT COURT

ᴣmail                                          Henry Klein <henryklein44@gmail.com>

80 Hubert v. Curren

n <henryklein44@gmail.com>                      Wed, Dec 14, 2016 at 9:39 AM
ᴐn@orleanscdc.com

ver seen a list of Uncontested Material Facts on Hubert's Motion for Summary Judgment.

t everything filed in this case.

ᴣ it?



5/29/13

FILED

2013 JUN 30  A 11: 40

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**THOMAS P. HUBERT**

NO. 2012-08880              **VERSUS**              DIV. " C "

**JOANNE CURREN, GARY C. LANDRIEU &
LANDRIEU CONSTRUCTION, INC.**

FILED:_____   _____
                                              **DEPUTY CLERK**

<u>**UNOPPOSED MOTION AND ORDER TO DISMISS WITHOUT PREJUDICE**</u>

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Thomas P.

Hubert, who respectfully represents to the Court that he wishes to dismiss Joanne Curren, as a

Defendant, without prejudice, each party to bear their own costs.  The remaining Defendants,

Gary C. Landrieu and Landrieu Construction, Inc., have no objection to the dismissal.

<u>**ORDER**</u>

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Defendant,

Joanne Curren, is dismissed from the lawsuit without prejudice, each party to bear their own

costs.

**READ, RENDERED AND SIGNED**, on this the 29th day of May, 2013.

JUDGE

Respectfully submitted by:

LAWRENCE J. CENTOLA, LA BAR #27402
Martzell & Bickford
338 Lafayette Street
New Orleans, La 70130

DEFENDANT'S
EXHIBIT
D

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:   2012-8880               DIVISION "C"          SECTION NO: 10

THOMAS P. HUBERT

VERSUS

JOANNE CURREN, GARY C. LANDRIEU & LANDRIEU
CONSTRUCTION, INC.,

FILED: _____

_____
DEPUTY CLERK

## FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

NOW INTO COURT, through the undersigned counsel, comes Plaintiff, Thomas P. Hubert, who files his First Amended and Supplemental Petition for Damages, which relates back to his Original Petition for Damages, as follows:

I.

Plaintiff re-alleges and re-avers each and every allegation of his Original Petition for Damages as if copied herein.

II.

By amending and supplementing Paragraphs 1 and 2 to read as follows:

1.

This lawsuit is brought against the defendants for faulty workmanship and failure to perform renovation and remediation in a workmanlike fashion to the residence located at 614 State Street, New Orleans, Louisiana 70115 (the "Hubert home").

2.

The faulty workmanship and failure to perform renovation and remediation in a workmanlike fashion resulted in a house fire on December 25, 2011.

III.

By amending and supplementing Paragraph 4 to read as follows:

### PARTIES

4.

A.      Made Plaintiff herein is the following:

VERIFIED



        1.)    Thomas P. Hubert, owner and resident of the Hubert home and victim of the December 24, 2011 fire.

B.    Made Defendants are the following:

        1.)    Defendant Joanne Curren, is an Orleans Parish resident.

        2.)    Defendant Gary C. Landrieu is an Orleans Parish resident.

        3.)    Defendant Landrieu Construction, Inc. is a Louisiana corporation authorized to do and is doing business in Louisiana, with its principle place of busniess in New Orleans, Louisiana

IV.

By amending and supplementing Paragraphs 5 through 12 to read as follows:

## DEFENDANTS WERE THE CONTRACTORS OF THE HUBERT HOME

5.

Plaintiff purchased the Hubert home on May 23, 2008.

6.

Immediately prior to Plaintiff's purchase of the Hubert home, the Hubert home was renovated and/or remediated and/or improved by the Defendants.

7.

Joanne Curren is not a licensed residential building contractor by the Louisiana State Licensing Board for Contractors.

8.

Joanne Curren is not a licensed home improvement contractor by the Louisiana State Licensing Board for Contractors.

9.

Upon information and belief, despite the fact that she is not licensed to do so, Joanne Curren acted as a residential building contractor and/or a home improvement contractor on the renovation, remediation, and/or improvement of the Hubert home.

10.

Upon information and belief, Gary C. Landrieu acted as a residential building contractor and/or a home improvement contractor on the renovation, remediation, and/or improvement of the Hubert home.

11.

Upon information and belief, Landrieu Construction, Inc. acted as a residential building contractor and/or a home improvement contractor on the renovation, remediation, and/or improvement of the Hubert home.

12.

Upon information and belief, in acting as the residential building contractor and/or a home improvement contractor on the renovation, remediation, and/or improvement of the Hubert home, Joanne Curren was improperly acting pursuant to the licenses issued to Landrieu Construction, Inc.

**V.**

Plaintiff re-alleges and re-avers Paragraphs 13 through 20 as if copied herein.

**VI.**

By amending and supplementing Paragraphs 21 through 23 to read as follows:

**THE CAUSE OF THE FIRE**

21.

A third party investigated the cause of the fire.

22.

The third party that investigated the cause of the fire determined that the fire was caused by the fact that the dryer was improperly installed.

23.

As the contractors for the renovation, remediation, and/or improvement of the Hubert home, Defendants are liable to the Plaintiff for the improper installation of the dryer that resulted in the fire.

**VII.**

By amending and supplementing Paragraphs 24 through 28 to read as follows:

**LAW**

24.

Defendants are liable to Plaintiff for violations of Louisiana Civil Code article 2762 as the Hubert as the building failed to the badness of the workmanship.

25.

Defendants are liable to Plaintiff for violations of Louisiana Civil Code article 2769 as the Hubert as the contractor failed to do the work that she/he/it was contracted to do.

26.

Defendants have breached the implied warranty of good workmanship.

27.

Defendants are liable to Plaintiff for violations of Louisiana Civil Code article 2315.

28.

Defendants are liable to Plaintiff for violations of Louisiana Revised Statutes Title 37.

VIII.

By amending and supplementing Paragraph 29 to read as follows:

The fire at the Hubert home that was due to the fault of the defendants caused the following damages to the Plaintiff, all of which will be proven at trial:

A)   Property damages;

B)   Emotional damages/mental anguish;

C)   Monetary loss;

D)   Loss of enjoyment of life;

E)   Attorney's fees and costs of filing suit; and

F)   Other damages which may later be discovered.

IX.

By amending and supplementing the Prayer for Relief to read as follows:

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays, and demand judgment against the Defendants, Joanne Curren, Gary C. Landrieu, and Landrieu Construction, Inc., as follows:

a.   That process issue according to law;

b.   That Defendants be served with a copy of Plaintiff's Petition and show cause why the prayers for relief requested by Plaintiff's herein should not be granted;

c.   That the Court enter a judgment against Defendants for all damages allowable to Plaintiff;

d.     That the Court enter a judgment against Defendants for penalties and
       attorney fees for failure to obtain the proper licenses;

e.     That the costs of this action be cast upon Defendants;

f.     That the Court grant Plaintiff such further relief which the Court deems just
       and appropriate;

g.     Pre-Judgment Interest and Costs; and

h.     All other remedies in equity and law.

Respectfully submitted,
MARTZELL & BICKFORD

SCOTT R. BICKFORD T. A. (#1165)
LAWRENCE J. CENTOLA, III (#27402)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

PLEASE SERVE WITH A COPY OF THE ORIGINAL PETITION:

JOANNE CURREN
749 Aurora Avenue
Suite 4
Metairie, LA 70005-2627

GARY C. LANDRIEU
HWY. 90, ROUTE 6, BOX 197
NEW ORLEANS, LA 70129

LANDRIEU CONSTRUCTION, INC.
Through its registered agent for service of process
GARY C. LANDRIEU
HWY. 90, ROUTE 6, BOX 197
NEW ORLEANS, LA 70129

10/5/15

FILED
2015 OCT 30 A 11:40
CIVIL
DISTRICT COURT



# MARTZELL & BICKFORD

**ATTORNEYS AT LAW**
*A Professional Corporation*
338 LAFAYETTE STREET
NEW ORLEANS, LOUISIANA 70130

JOHN R. MARTZELL (1937-2007)
SCOTT R. BICKFORD †
LAWRENCE J. CENTOLA, III

SPENCER R. DOODY
NEIL F. NAZARETH
ROSHAWN H. DONAHUE
JASON Z. LANDRY

† also admitted in Texas & Colorado

WWW.MBFIRM.COM

TELEPHONE: (504) 581-9065
FACSIMILE: (504) 581-7635

October 5, 2015

BYRON J. JEANICE
OFFICE ADMINISTRATOR

E-MAIL: MB@MBFIRM.COM

**Hand Delivery**
Honorable Dale N. Atkins
Clerk of Court
Civil District Court, **Parish of Orleans**
421 Loyola Avenue
New Orleans, Louisiana 70112

RECEIVED
OCT 05 2015
CLERK'S OFFICE
CIVIL DISTRICT COURT

Re:  *Thomas Hubert vs. Joanne Curren, et al*
     CDC 2012-8880, Div. C
     **Our File No.: 11110-01**

Dear Ms. Atkins:

Please prepare a Citation for service of the Motion for Leave to File First Amended and Supplemental Petition for Damages and the Original Petition on the following Defendant in the above-referenced matter.

     **Joanne Curren**
     **749 Aurora Avenue**
     **Suite 4**
     **Metairie, Louisiana 70005-2627**

Please note services were returned because of an insufficient address for the above defendant. Thank you for your prompt attention to this matter. If you have any questions regarding the above, please do not hesitate to contact me.

Sincerely yours,

**MARTZELL & BICKFORD**

*Lawrence J. Centola, III*

Lawrence J. Centola, III

LJC,III/lwl
Enclosure



VERIFIED
Nyrie Jefferson
Deputy Clerk
10/5/16



DEFENDANT'S
EXHIBIT
F



VERIFIED mp
Date 8/12/02

THE TITLE GROUP, L.L.C.
7921 MAPLE ST.
NEW ORLEANS, LA 70118
504-861-8208

CONVEYANCE OFFICE
GASPER J. SCHIRO

FILED

2017 JUN 30   A II: 40

---

### CASH SALE

### Sale of Property

by:

**JOANNE LANDRIEU CURREN**

to:

**CLAUDIA DAVIS CAMPBELL
STEVEN M. CAMPBELL**

---

UNITED STATES OF
AMERICA
STATE OF LOUISIANA
PARISH OF ORLEANS

BE IT KNOWN, That on this 31st day of July, 2002 and of the Independence of the United States of America, the two hundred and twenty-sixth year, (226th),

BEFORE ME, __BECKY R. CIEUTAT__, a Notary Public, duly commissioned and qualified, in and for the Parish of ORLEANS and in the presence of the witnesses hereinafter named and undersigned:

**PERSONALLY CAME AND APPEARED:**

**JOANNE LANDRIEU CURREN**, a person of the full age of majority and a resident of the Parish of JEFFERSON, State of Louisiana, who, declared unto me, Notary, that she has been married twice; first to NEWELL NORMAND, from whom she was divorced, and second to JOHN G. CURREN, JR., with whom she is presently living and residing;

Who declare that seller(s) do by these presents, grant, bargain, sell, convey, transfer, assign, setover, abandon and deliver, with all legal warranties and with full substitution and subrogation in and to all the rights and actions of warranty which seller(s) have or may have against all preceding owners and vendors, unto,

**CLAUDIA DAVIS CAMPBELL, WIFE OF/AND STEVEN M. CAMPBELL**, both persons of the full age of majority and residents of the Parish of JEFFERSON, State of Louisiana, who, declared unto me, Notary, that they have both been married but once and then to each other, and that they are presently living and residing together, AND FURTHER DECLARING that STEVEN M. CAMPBELL, is represented herein by CLAUDIA DAVIS CAMPBELL, his duly appointed Agent and Attorney in Fact, by virtue of a Power of Attorney executed before CARSHA A. DE SILVA, Notary Public, dated July 9, 2002, a copy of which is annexed hereto and made a part hereof; AND HERE, the said Agent declared unto me Notary, the Power of Attorney is in full force and effect, and has not been revoked, rescinded or canceled, and that he is alive and has not been judicially interdicted or filed for bankruptcy,

**MAILING ADDRESS:**
2842 COLISEUM STREET
NEW ORLEANS, LOUISIANA 70115

here present, accepting and purchasing for buyer(s), buyer(s) heirs, successors and assigns, and acknowledging due delivery and possession thereof, all and singular the following described property, to-wit:



9/6/16

CIVIL DISTRICT COURT FOR THE PARISH ORLEANS

NO. 2012-08880                                                    DIVISION "C"

2017 JAN 30  A 11: 40

THOMAS HUBERT                    FILED
DISTRICT COURT

VERSUS                           2016 SEP -6  P 2: 33

JOANNE CURREN                    CIVIL
                                 DISTRICT COURT

FILED: _____    _____

                                 DEPUTY CLERK

## ANSWER AND INCORPORATED MOTION
## FOR JUDGMENT ON THE PLEADINGS

AND NOW INTO COURT, through undersigned counsel comes Joanne

Curren ("Curren") and files her Answer to the First Amended and

Supplemental Petition for Damages and Incorporated Motion for Judgment

on the Pleadings, as follows:

| | |
|---|---|
| Receipt Date | 10/17/2016 2:39:00 PM |
| Receipt Number | 590574 |

1.    The allegations contained in the Original Petition for Damages

are inapplicable as to Curren because of the dismissal of that petition insofar

as Curren was concerned.

2.    To the extent the allegations require answer, Curren responds

as follows:

3.    Insofar as paragraphs 1 and 2 allege faulty workmanship, Curren

was not a contractor, engaged in no contractual relationship, had no privity

of contract with plaintiff and denies any allegation regarding the quality of

workmanship by anyone involved.

4.    Curren is not required to answer paragraphs 3 and 4.

5.    Curren admits not being licensed or that she "...acted as a

residential building contractor on the renovation, remediation and/or

improvement of the Hubert home..." and denied any allegations to that effect

in paragraphs 5 through 12 of the Original Petition.

6.    Curren has insufficient information to admit or deny the

allegations of paragraphs 13 through 23 of the Original Petition.

7.    Curren is not required to answer paragraphs 24 through 30 of the

Original Petition.

8.    Curren denies the allegations of paragraph 30 (repeated)

regarding damages.

DALE N. ATKINS
402 CIVIL COURTS BUILDING
NEW ORLEANS, LA 70112

| | | |
|---|---|---|
| Register | CDCCASH1 | |
| Grand Total | $272.00 | |
| Amount Received | $272.00 | |
| Change Due | $0.00 | |

Payment / Transaction List
Credit Card # 051557 $272.00

| Item | Charged | Paid | Bal |
|---|---|---|---|
| Answer | $272.00 | $272.00 | $0.00 |

1

VERIFIED

DEFENDANT'S
EXHIBIT

9.    Insofar as the alleged First Amended and Supplemantal Petition is concerned, it is a replica of the Original Petition and is accordingly denied to the same extent as Curren denied the allegations of the Original Petition.

10.    Pursuant to the provisions of Article 965 of the Louisiana Code of Civil Procedure, Curren incorporates her answer by reference and avers that the First Amended and Supplemental Petition is defective on the pleadings and should be dismissed with prejudice.

RESPECTFULLY SUBMITTED:

HENRY L. KLEIN (#7440)
844 BARONNE STREET
NEW ORLEANS, LA 70113
Phone (504) 301-3027
henryklein@gmail.com

2

CIVIL DISTRICT COURT IN AND FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2012-8880                                                      DIVISION "C"

THOMAS P. HUBERT

VERSUS

JO ANNE CURREN, ET AL

FILED_____

                                    DEPUTY CLERK

### CURREN'S MOTION TO DISMISS
### ON GROUNDS OF THREE-YEAR FAILURE TO PROSECUTE
### AND INCORPORATED OBJECTION TO HEARING
### SCHEDULED OCTOBER 21, 2016.

Jo Anne Curren ("Curren") moves for Article 561 dismissal because no party has taken steps in the prosecution of the claims made in this case as to Curren for more than three (3) years.

This is a most unusual case.   On September 20, 2012, plaintiff Thomas P. Hubert filed suit against Curren, her brother Gary Landrieu ("Gary") and Landrieu Construction Company ("LCC").   The claim against Curren is that she "acted" as a contractor on a house Hubert bought years prior to a fire allegedly caused by a faulty vent.   The details are not significant.

On May 29, 2013, Curren, who was _not_ served with the original petition, was DISMISSED without prejudice.   On June 17, 2016, 3+ years after Curren was dismissed, Hubert filed an affidavit stating that she had been served, prior to which there was _nothing_ in the record regarding Hubert taking any steps in the prosecution of the case as to the dismissed Curren.

After her May 29, 2013 dismissal, some discovery "steps" were taken against Gary and LCC, but _never_ while Curren was a party and _never_ as to Curren.   The May 29, 2013 dismissal made Curren a "non-party" from that date forward and, for reasons discussed below, she still is not a "party" and indeed, the case was abandoned earlier.   Actions taken by a plaintiff after abandonment has accrued are without effect and cannot revive an abandoned action, Paternostro v. Falgout, 2004 WL 2071697 (1st Cir.2004)[1].

_____

[1]      Apparently, the lawyers had already agreed Curren was not a target of the lawsuit. On May 22, 2013, attorney Tammy Nick filed an answer for the "...remaining defendants...", meaning Gary and LCC.

1



On January 14, 2015, Hubert filed a Motion for Partial Summary Judgment against "...defendants...", but did not mention Curren as a target of that motion and could not have.   The Motion for Partial Summary Judgment set for this Friday, October 21, 2016 is the same motion, *verbatim*, filed January 14, 2015 against Gary and LCC, but not Curren.   Curren was *not* served with the 2015 motion and has *not* been properly served with the latest (parallel) motion set next week.

Compounding the confusion, on February 12, 2015, Hubert moved to amend, re-filing the same pleading as his original petition, adding nothing substantively new, renaming Curren as a defendant.   As it eventuated, Curren was not served with the *deja vu* petition until June 17, 2016[2].   That petition was not a "step" and was thirty-nine (39) months late.   The filing of an amended petition which is no more than a restatement of the original petition is not a "step" precluding dismissal for abandonment, Carraway v. City of Alexandria, 693 So. 2d 314 (3rd Cir.1997).

When Hubert dismissed Curren over three years ago, he also indicated an intent not to proceed as to what is a highly-specious claim, one of the factors to be considered.   The affidavit filed regarding service on a special process server did not find its way into the record until June 17, 2016.   That also if of no value.   Any action to be deemed a "step" must appear in the record of the case, Hargis ex rel Krey v. Jefferson Parish, 748 So.2d 606 (4th Cir.1999).

### THE PARTIAL MOTION FOR SUMMARY JUDGMENT

The pending motion cannot be heard.   The case is abandoned.   The Original Partial Motion was filed 2 years after Curren was dismissed.   She wasn't named, she wasn't served and she has no liability.   She has not been properly served yet.

The present motion has no statement of uncontested facts, no plausible basis and is actually sanctionable[3].   We reserve our rights in that regard.   The case should be dismissed *sua sponte*.   Abandonment is self-executing, it occurs

---

[2]     Curren was not served with the Motion for Leave to Amend.   After the court granted leave, Curren was still not served.   Hubert's pleadings indicated that service would be made pursuant to Article 1313, and a Return Receipt was filed in the record showing a mailing of something to undersigned counsel, *who was not enrolled in this case until September 6, 2016.*

[3]     The pleading filed on August 30, 2016 will be treated separately and in the proper context.

2

automatically upon the passage of three years and is effective without a court order, Theriot v. DOTD, 809 So.2d 279 (1st Cir. 2001).

But since we have a date on October 21, the issues as to abandonment can be argued then.   Curren is actually entitled to dismissal *ex parte*

Respectfully submitted,

Henry L. Klein (7440)
844 Baronne Street
New Orleans, LA 70113
504-301-3027
henryklein44@gmail.com

Service by e-mail

CIVIL DISTRICT COURT IN AND FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2012-8880                                               DIVISION "C"

THOMAS P. HUBERT

VERSUS

JO ANNE CURREN, ET AL

FILED_____          _____
                                        DEPUTY CLERK

O R D E R

Considering the Motion to Dismiss for Abandonment,

LET Thomas P. Hubert show cause, if any he has or can, why the Petition

filed against Jo Anne Curren should not be dismissed as abandoned, on the

12-16-16 day of October, 2016 at 9:00 o'clock a.m..

New Orleans, Louisiana this 21st day of October, 2016

(Sgd.) Sidney H. Cates, IV
_____
J U D G E

1/13/17

CIVIL DISTRICT COURT IN AND FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2012-8880

2011 JAN 30 A II: 3⁴ 2011 JAN 13 DIVISION C

THOMAS P. HUBERT DISTRICT COURT

DISTRICT COURT

VERSUS

JOANNE CURREN, ET ALS

FILED:_____   _____

DEPUTY CLERK

## CHRONOLOGY IN AID OF JURISDICTION

JoAnne Curren submits the following chronology to assist the Court:

1.     The Motion for Partial Summary Judgment by Thomas P. Hubert has not complied with Rule 9.10 of the District Court Rules and the Motion should be stricken as a threshold matter.

2.     As to Abandonment, the following dates are controlling:

| September 20, 2012 | **Original Petition filed** |
| **October 9, 2012** | **No request for service as to Curren** |
| **Post October 9, 2012** | **No citation ever issues as to Curren** |
| **January 15, 2012** | **Tammy Nick excepts for Gary, not Curren** |
| **May 22, 2013** | **Tammy Nick answers for Gary, not Curren** |
| **May 28, 2013** | **Tammy Nick withdraws** |
| **May 28, 2013** | **Centola dismisses Curren (never cited)** |
| **January 13, 2015** | **Motion for Partial Summary Judgment** |
| **February 12, 2015** | **Centola adds Curren** |

*NO CITATION EVER ISSUES AS TO CURREN*

| **February 12, 2015** | **Article 1313 Service to Henry Klein** |
| **February 19, 2015** | **Return Receipt as to Klein** |

*NO CITATION EVER ISSUES AS TO CURREN*

| **February 15, 2015** | **Three-year aniversary of lawsuit** |

*NO "STEPS" EVER TAKEN AS TO A PROPERLY-SERVED CURREN*

As to Curren, who has never been served, the case should be dismissed as abandoned.     The Motion for Partial Summary Judgment is nonsense and sanctions should be awarded.

6



Respectfully submitted

Henry L. Klein (7440)
844 Baronne Street
New Orleans, LA 70113
(504) 301-3027
henryklein44@gmail.com