# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS P. HUBERT** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-7669** |
| **JOANNE CURREN, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is plaintiff Thomas Hubert's ("Hubert") motion[1] to remand the above-captioned matter to Louisiana state court. Hubert also requests sanctions. Defendant Joanne Curren ("Curren") opposes the motion.[2] For the following reasons, the motion is granted.

### I.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court if the action is one that could have been originally filed in federal court. However, federal courts have limited jurisdiction. *Howery v. Allstate Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court should therefore presume that a lawsuit lies outside of its jurisdiction, and the party seeking removal bears the burden of establishing that federal jurisdiction exists. *Id.* Additionally, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed[,] 'and any doubt as to the propriety of removal should be resolved in favor

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 10.

of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

This action could not have been filed in federal court based on diversity jurisdiction because there was no diversity among the parties. *See* 28 U.S.C. § 1332.[3] However, federal district courts also have subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Hubert's well-pleaded complaint raises no federal questions.

Hubert sued the defendants for "faulty workmanship and failure to perform renovation and remediation in a workmanlike fashion."[4] Such claims are undoubtedly state law claims,[5] none of which raise a substantial federal question.[6]

Curren argues that "[t]he state-court action became removable . . . on August 13, 2018 when the state court DENIED without reasonable explanation a compelling

---

[3] *See* R. Doc. No. 7-7, at 1–2. Neither party argues that diversity exists.
[4] *Id.* at 1.
[5] Specifically, Hubert alleges violations of Louisiana Civil Code articles 2762, 2769, and 2315 as well as violations of Louisiana Revised Statutes Title 37 and breach of an implied warranty. *Id.* at 5.
[6] *See Grable v. Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("There is, however, another longstanding . . . variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law. . . ."). None of Hubert's state law claims implicate or turn on significant federal issues.

2

[motion to stay]."[7] However, she does not explain *why* the state court's denial of her motion made the case removable, and the Court cannot identify a reason. Instead, Curren alleges that the state court judge violated her constitutional rights and that "[she] is before this Court seeking *protection*."[8] But this argument demonstrates a fundamental misunderstanding of federal jurisdiction. If the state court erred in its handling of this case, or if the state court judge violated Curren's constitutional rights, her recourse is to challenge the state court's decisions with an appeal. Simply put, Curren's constitutional due process claim is not a part of Hubert's well-pleaded complaint; therefore, the Court does not have jurisdiction over this case, and it must be remanded to state court.[9]

---

[7] *Id.*
[8] *Id.* at 1–2.; R. Doc. No. 10, at 2.
[9] *Gromer v. Mack* is illustrative. 799 F. Supp. 2d 704 (N.D. Tex. June 30, 2011). In *Gromer*, the parties were involved in a "bitter guardianship dispute," which was being litigated in county probate court. *Id.* at 706. Before the proceedings were final, Gromer removed the case to federal court. *Id.* at 707. She argued that the probate court violated her procedural due process rights and that, as a result, the federal district court had federal-question subject matter jurisdiction over the case. *Id.* at 707–08.

The court disagreed. *Id.* at 711. It first noted that "Mack brought the underlying probate court guardianship case" and that "Mack's claims in the probate court unquestionably did *not* arise under federal law." *Id.* at 708. Furthermore, "the alleged procedural due process violations that serve[d] as the predicates for removability occurred *during* the course of the guardianship proceeding, meaning that any violation of Gromer's right to procedural due process could not have been stated as a part of Mack's well-pleaded complaint initiating the probate court matter." *Id.* at 709. The court held that jurisdiction did not exist. *Id.* at 711.

3

## II.

If a court determines that remand is proper, "[the] order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[Section] 1447(c) gives a court discretion to determine what amount of costs and fees, if any, to award the plaintiff," although "Congress has plainly limited such an award to those costs and fees 'incurred as a result of removal.'" *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997) (quoting 28 U.S.C. § 1447(c)).

"Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001). This inquiry requires a court to "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Curren "lacked 'objectively reasonable grounds to believe removal was legally proper.'" *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (citation omitted). There was no plausible reason to believe that removal was proper from the face of Hubert's complaint; nor was there any reason to believe that removal became proper when the state court judge allegedly violated Curren's constitutional rights.[10]

---

[10] Furthermore, the timing of the removal is also suspect: Curren removed the case the *day* before it was set for trial on the issue of damages, and the issue of liability was decided over 18 months ago. R. Doc. No. 7-5, at 1; R. Doc. No. 7-3, at 2.

There is no legitimate basis for the Court's exercise of jurisdiction over this case, and an award of costs, expenses, and attorney's fees is, therefore, warranted. *Id.* at 712 (awarding costs, expenses, and attorney's fees because the party who removed the case to federal court "relie[d] on allegations of unconstitutional deprivation of . . . due process, even though such arguments clearly function[ed] as challenges to the probate court's adjudication of the proceeding . . . , not as claims stated in [the plaintiff's] well-pleaded complaint," which was "objectively unreasonable").[11]

### III.

Accordingly,

**IT IS ORDERED** that the motion to remand is **GRANTED** and that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Hubert's request for costs, expenses, and attorney's fees incurred as a result of removal is **GRANTED** pursuant to 28 U.S.C. §

---

[11] Because the Court is awarding sanctions pursuant to 28 U.S.C. § 1447(c), it need not consider Hubert's request for sanctions pursuant to Federal Rule of Civil Procedure 11. However, the Court notes that such sanctions would be improper because Curren's request is procedurally deficient. "[A] motion [for sanctions] must be served under Rule 5, but *it must not be filed or be presented to the court* if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected *within 21 days after service* or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The record reflects that Hubert served Curren with a copy of the present motion on the same day the motion was filed with the Court. R. Doc. No. 7, at 1. Furthermore, Curren's request for sanctions was not filed "separately" from her motion to remand. *See* Fed. R. Civ. P. 11(c)(2).

1447(c). On or before **SEPTEMBER 18, 2018**, Hubert shall file a supplemental brief, affidavit, and the necessary evidence to prove the amount of costs, expenses, and attorney's fees he incurred as a result of removal. If Curren intends to file an opposition to the amount stated in Hubert's brief, she shall do so by **SEPTEMBER 25, 2018** or Hubert's request shall be granted.

New Orleans, Louisiana, September 4, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**